COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

April 20, 2015

Stephen P. Lamb, Esquire
Meghan M. Dougherty, Esquire
Paul, Weiss, Rifkind, Wharton
     & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE  19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19801

Joel Friedlander, Esquire
Benjamin P. Chapple, Esquire
Friedlander & Gorris, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Re:   *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
        C.A. No. 7668-VCN
        Date Submitted:  April 9, 2015

Dear Counsel:

Plaintiff The Renco Group, Inc. ("Renco") seeks certification of an interlocutory appeal of the Court's Order of March 18, 2015, which implemented

its Memorandum Opinion of January 29, 2015.[1]   There, the Court dismissed Renco's fiduciary duty claims against Defendant MacAndrews AMG Holdings LLC ("MacAndrews AMG") because they could not proceed in parallel with Renco's breach of contract claims based on the complex and sophisticated contractual relationship documented by the limited liability company agreement of Nominal Defendant AM General Holdings LLC ("Holdco").   The Court also concluded that there was no "independent basis for the fiduciary duty claims apart from the contractual claims."[2]   In addition, Renco objects to the Court's dismissal of fiduciary duty claims and corresponding aiding and abetting claims against Defendants MacAndrews & Forbes Inc. ("M&F") and Ronald O. Perelman ("Perelman"), parties closely linked to MacAndrews AMG.

The law regarding parallel pursuit of contract and fiduciary duty claims upon which the Court relied is not novel.   There is no material conflict about the principles that guided the Court.   The Court did not hold that fiduciary duties had been eliminated.   Instead, for purposes of this litigation, the sophisticated, privately

---

[1] *The Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 394011 (Del. Ch. Jan. 29, 2015).

[2] *Id.* at *7 (quoting *Grayson v. Imagination Station, Inc.*, 2010 WL 3221951, at *7 (Del. Ch. Aug. 16, 2010)).

ordered contractual obligations came ahead of, and encompassed the scope of, traditional fiduciary duties, and it is to the parties' contract that the Court should turn for resolution of this dispute. Perhaps the Court has construed Renco's contractual protections too broadly, but, even if it did so, an overly expansive reading of a contract in the context of a motion to dismiss is not a decision that would ordinarily qualify for an interlocutory appeal.

In order to obtain certification of an interlocutory appeal under Supreme Court Rule 42, the party seeking to appeal must demonstrate that the decision from which an appeal is sought determined a substantial issue and established a legal right. In addition, one of the criteria identified in Supreme Court Rule 41 applicable to certifications of questions of law or from a list of factors specifically set forth in Supreme Court Rule 42(b) must be satisfied. In this instance, Renco asserts that the Court decided a question of law that is one of first instance in Delaware; is subject to conflicting decisions of the trial courts; and relates to the constitutionality, construction, or application of a Delaware statute which has not been, but should be, resolved by the Delaware Supreme Court. It adds that an interlocutory appeal will serve the interests of justice.

Renco asserts, and Defendants do not seriously dispute, that the Memorandum Opinion and Order resolved a substantial issue and established legal rights. The Court's decision had the effect of reducing the scope of the dispute to one of contract. In the course of that effort, Renco's fiduciary duty claims, aiding and abetting breach of fiduciary duty claims, aiding and abetting breach of contract claims, tortious interference claims, and fraudulent transfer claims were dismissed. A corollary consequence was that claims against other defendants who are not parties to the contract were dismissed. Thus, the Court resolved both a substantial issue and established legal rights (or, perhaps more accurately, diminished Renco's legal rights).

The parties join issue with respect to the third factor which Renco must demonstrate in order to support an application for an interlocutory appeal. In substance, Renco notes that its contract with MacAndrews AMG did not unambiguously eliminate fiduciary duties and, thus, they must be deemed to have survived as to all Defendants, either directly or in the aiding and abetting context.[3]

---

[3] For purposes of this application, the Court focuses on Renco's arguments regarding dismissing secondary claims against M&F and Perelman. The Court's

Renco argues that (i) the agreement did not eliminate all applicable fiduciary duties owed to it; (ii) priority of contract does not affect its fiduciary duty rights against third (non-contracting) parties; and (iii) the agreement imposes obligations on MacAndrews AMG in the nature of fiduciary duties and an exception to the general rule that one cannot aid and abet a breach of contract allows for claims of aiding and abetting a breach of contractually imposed fiduciary duties. In Renco's view, because the fiduciary duties survive, parties who are not signatories to the underlying agreement remain liable for aiding and abetting, even if the fiduciary claims against the contracting party are not considered in the litigation because they are subsumed by the contract terms. In other words, even though the Court might not be addressing fiduciary duties as between Renco and MacAndrews AMG, it still needs to address those very same fiduciary duties in terms of whether their breach by MacAndrews AMG has been aided by other defendants.

Moreover, although not framed as contractually-imposed fiduciary duties, the agreement establishes duties as between the parties to the contract that are fully consistent with standard fiduciary undertakings. The Court's decision is said to

---

contract interpretation, even if wrong, would not seem to warrant interlocutory appeal.

conflict with cases where the scope of fiduciary duty is defined by contract but a third party could aid and abet the breach of a contractually-defined fiduciary duty.[4] Thus, Renco plausibly argues that even if the fiduciary duties as such were properly removed from the case, there would still remain an exception to the general rule that one cannot aid and abet the breach of contract. It contends that the aiding and abetting of a breach of contract which has defined fiduciary duties is a proper cause of action.[5] Whether due to conflicting decisions or a novel question of Delaware law that needs resolution, one could argue appellate consideration is warranted and serves the interests of justice because the nature of the case has materially changed.

On the one hand, when there is a complex, comprehensive, and sophisticated agreement defining the parameters and expectations of a financial and business arrangement, the parties who accepted that structure should look to the contract for guidance. There are two sides to this dispute, and the parties on each side are

---

[4] *See, e.g.*, *Allen v. El Paso Pipeline Gp. Co., LLC*, 2014 WL 2819005, at *19 (Del. Ch. June 20, 2014).

[5] The risk, of course, is that such an exception could be construed to allow for an aiding and abetting a breach of contract claim whenever the contract is between those with a fiduciary relationship because contractual good behavior and proper execution of fiduciary duties will frequently be consistent with one another.

closely connected to each other. The principle that contract will draw the Court's attention instead of comparable fiduciary duties makes sense in this context: it focuses the litigation on the norms the parties established for themselves and presumably would lead to a more efficient proceeding. That benefit is largely lost if aiding and abetting a comparable breach of fiduciary duty claim survives. To process an aiding and abetting claim will require proof (of the very same fiduciary duties) that was bypassed between the primary contracting parties.

On the other hand, these sophisticated parties knew how to eliminate fiduciary duties within their framework of limited liability companies. They did not do so; that supports the conclusion that fiduciary duties survive for some purposes—and aiding and abetting claims would be one such purpose. Moreover, without aiding and abetting liability, deep pocket controllers could avoid liability while the contracting party which they controlled might be rendered unable to pay any judgment. That consequence is inconsistent with the intention to avoid unnecessary duplication but not to alter materially the substance of the economic arrangement and the possible litigation outcome. Giving primacy to the contract, however, brings along the principle that one cannot aid and abet a breach of

contract, certainly a contract without a standard of fiduciary duty. A potential wrongdoer should not be able to achieve the same unpalatable objective through inducing a breach of fiduciary duty that has been superseded for litigation efficiency.

Renco also contends that the interests of justice would be served because of the important issues presented and the potential waste of resources if a second trial regarding the dismissed claims becomes necessary. Of course, the interlocutory appeal sought by Renco offers no hope that the litigation will be resolved.[6] Further weighing against an interlocutory appeal are the circumstances of this and related litigation.

In order to appreciate the breadth of Renco's application, it is important to recognize that this action proceeds in parallel with another action involving many of the same parties or their controllers.[7] In that case, Renco and its related parties moved to dismiss claims asserted by Holdco for virtually the same reasons that the Defendants in this case asserted and prevailed upon. The outcome in the

---

[6] *See TCV VI, L.P. v. TradingScreen Inc.*, No. 117, 2015, at 4 (Del. Apr. 7, 2015) (ORDER) ("We also decline to exercise interlocutory review when doing so would not be case dispositive.").

[7] *See AM Gen. Hldgs. LLC v. The Renco Gp., Inc.*, C.A. No. 7639-VCN.

*AM General Holdings* case, with respect to the Renco Parties' efforts to dismiss comparable claims, was substantially the same as the outcome on this motion to dismiss.[8] For example, Renco argued: "Under Delaware law, if a contract claim addresses the alleged fiduciary wrongdoing, any fiduciary duty claim arising out of the same conduct is superfluous."[9] It then went on to argue that, "[a]s a matter of law and logic, there cannot be secondary liability for aiding and abetting an alleged harm in the absence of primary liability."[10] Renco continued, "For that reason, to the extent an underlying breach of fiduciary duty claim is dismissed, the aiding and abetting claim must also be dismissed."[11]

Accordingly, Renco seeks an interlocutory appeal to undo the law upon which the Court relied and upon which Renco prevailed in parallel litigation. The parallel litigation is ongoing, and Renco, if it is to prevail on an interlocutory appeal, would have fiduciary duty-based claims against the parties in the parallel

---

[8] *AM Gen. Hldgs. LLC v. The Renco Gp., Inc.*, 2013 WL 5863010 (Del. Ch. Oct. 31, 2013).

[9] The Renco Gp., Inc.'s, ILR Capital's, and Ira L. Rennert's Opening Br. in Supp. of Their Mot. to Dismiss (Tr. ID. 50013206) at 16, Mar. 8, 2013 (internal quotation marks omitted).

[10] *Id.* at 21 (internal quotation marks omitted).

[11] *Id.* (internal quotation marks omitted).

litigation while the plaintiff in the parallel litigation would not have the equivalent claims against Renco's affiliated parties. Although there may be some differences in the scope of the contract and the fiduciary duty claims as between the cases, one would think that the interrelationship between contract and fiduciary duty should be resolved with a consistent set of principles.[12] This incongruity, if that is not too strong of a word, counsels against an interlocutory appeal.

In sum, whether novel, in conflict, or driven by a fact-specific context, interesting and important questions of law and case administration lie at the intersection of contract, fiduciary duty, and aiding and abetting. As desirable as appellate instruction would be, interlocutory appeals are not favored if they would not be case dispositive. Moreover, regardless of whether the interests of the administration of justice might arguably be served in this action, the parallel case of *AM General* should not be ignored. The cases are, in so many ways, mirror images of each other and should proceed, as they have, on the same basis. Renco

---

[12] The two pivotal contracts, the Amended and Restated Limited Liability Company Agreement of Ilshar Capital LLC and the Limited Liability Company Agreement of AM General Holdings LLC, are substantially similar in material respects.

prevailed in that action on similar grounds for which it now seeks interlocutory appellate intervention here. Under the circumstances, the Court exercises its discretion and declines to certify an interlocutory appeal.

An implementing order will be entered.

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc: Thad J. Bracegirdle, Esquire
Register in Chancery-K